UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANISH ANISH,<br>Petitioner,<br>v.<br>GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-07089-DAD-AC (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. No. 1) |

On September 3, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 2), and a motion for temporary restraining order (Doc. No. 1). That same day, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 6, 2026, respondents filed a combined response to the petition for writ of habeas corpus and to petitioner's motion for temporary restraining order. (Doc. No. 6.) Respondents argue in the response that 8 U.S.C. § 1225(b)(2) governs the detention of

noncitizens present without admission and apprehended in the interior of the United States, but concede that under the holding in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), petitioner is subject to discretionary detention under § 1226(a) and is entitled to seek a custody redetermination hearing before an immigration judge. (*Id.* at 1.) Respondents also state that they "do not contend this case is materially distinguishable from the Court's decisions holding that noncitizens released into the United States are entitled to pre-deprivation custody hearings." (*Id.*) In support of their opposition, respondents attach documentation indicating that petitioner was previously released into the United States on parole. (Doc. No. 6-1 at 2.) Respondents have not indicated that they oppose the court ruling on the merits of the underlying petition based on the briefing presently before it, and the court will do so.

In light of the documentation indicating that petitioner was previously released into the United States and respondents' concessions in their opposition regarding the applicability of the court's prior orders, the court incorporates and adopts the reasoning set forth in *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court determined that the petitioner demonstrated a liberty interest in his continued release following his parole, and that his immigration re-detention absent notice and a hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus on the merits and order his immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 2) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Anish Anish, A-File No. 249-121-898, from respondents' custody under the same conditions, if any, he was subject to prior to his re-detention on or about August 29, 2026;

    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the government will

have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

c. Petitioner's request for attorneys' fees pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to renewal on a properly noticed and supported motion;

2. Petitioner's motion for temporary restraining order (Doc. No. 1) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE